ALBERT SCHEFFER and others, Executors, *vs.* DAVID TOZIER and others.

February 28, 1879.

**Contract for Sale of Stumpage—Application of Payments.**—A and B entered into a contract by which A granted to B a permit to cut into logs and drive all the pine timber standing on certain tracts of lands, B to pay for all the logs at the rate of $2.50 per thousand feet, when one-half should arrive in the boom; the log-marks to be recorded in the name of A, and he to remain the owner of the logs until they were paid for, and then he to transfer the log-marks and logs to B. One of the tracts A did not own, and had no interest in the timber on it. B cut and drove from that tract 204,810 feet of logs, and from the tracts A did own, 200,000 feet, and paid on account $501.64. *Held*, that A cannot recover for the logs cut on the tract he did not own, and that the payment should be applied on account of the logs cut on the tracts A owned.

This action was brought in the district court for Ramsey county, and was tried before *Brill*, J., who ordered judgment for plaintiffs for $1,346.06. Defendant moved, before the same judge, that the conclusions of law and order for judgment be modified, or that a new trial be granted. After hearing the motion, it was ordered that the motion to modify the conclusions of law and order for judgment be granted, and that judgment be entered for plaintiffs for $204.99, pursuant

to the admission in the answer. From this order, the plaintiffs appealed.

*Palmer & Bell,* for appellants.

*James N. Castle,* for respondent.

GILFILLAN, C. J. This action was upon a contract between the plaintiffs' testator, Charles Scheffer, and the defendants, by which the former granted to the latter permission to enter and cut, during the logging season of 1875 and 1876, all the pine timber standing upon certain lands described as the south-east quarter of section 25, township 41, and the south-west quarter of section 10, and the east half of the north-east quarter, and the south-west quarter of the north-east quarter of section 9, township 40, range 23; defendants to place, on the logs cut, certain marks which were to be recorded in the office of the surveyor general, in the name of Scheffer; the defendants to drive all the logs into the St. Croix boom in the spring of 1876, and when one-half of the logs cut should have arrived in said boom, the defendants to pay him for all the logs cut, at the rate of $2.50 per thousand feet, stumpage, and upon such payment, he to transfer the log-marks to them, and the logs then to become their property; but until then, the logs to remain his property. There were other stipulations in the contract, but we have stated all that affect the controversy. There were, at the date of their contract, 441,000 feet of pine trees suitable for logs, standing on the south-east quarter of section 25, and 275,000 feet standing on the other lands. Of this, the defendants, before September 1, 1876, cut, marked and drove into the St. Croix boom 204,810 feet, from the south-east quarter of section 25, and 200,000 feet from the other lands.

Scheffer did not own the south-east quarter of section twenty-five, nor ever own the timber thereon, nor have any interest therein. Defendants paid generally, on account of the logs cut, $501.64. The plaintiffs, in their complaint, claim for all the timber on the several pieces of land, at the rate of

$2.50 per thousand feet, less the $501.64 paid.    The defendants, in their answer, offer to allow judgment to be taken at that rate for the timber on the pieces other than the southeast quarter of section twenty-five.

The court below ordered judgment according to the offer in the answer, holding that the plaintiffs are not entitled to pay for the timber which Scheffer did not own.    This decision is undoubtedly correct.    The contract is in the nature of an executory contract to sell the logs to be cut, coupled with a license to enter upon real estate, for the purpose of cutting and removing them.    In executory agreements to sell personal property, the vendor must undoubtedly, to fulfil his contract, be able to pass the title to the purchaser.    Benjamin on Sales, 511.    This author says:    "Plainly, nothing could be more untenable than the pretension that if A promised to sell one hundred quarters of wheat to B, the contract would be fulfilled by the transfer, not of the property in the wheat, but of the possession of another man's wheat."

In the case before us, the vendor not only could not transfer the property in the logs cut on the south-east quarter of section twenty-five, but did not transfer the possession.    The defendants acquired the possession through their trespass upon the lands of another.    As to these logs they got nothing under the contract.    The $501.64 having been paid generally on account, the law applies it to the logs defendants were liable to pay for, and not to those they were not liable for.

Order affirmed.